Amanda Kuklinski; AZ Bar No. 035676
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 North 40th Street, Suite 260
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Sean McCune

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean McCune**, an Arizona resident;<br><br>    Plaintiff,<br><br>    v.<br><br>**JD Towing, LLC**, an Arizona limited liability company, and **Jorge Duenas**, an Arizona resident;<br><br>    Defendants. | **Case No.**<br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Sean McCune, for his Verified Complaint against Defendants JD Towing, LLC and Jorge Duenas hereby alleges as follows:

### NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**") and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.    This action is also brought to recover overtime and minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from

Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3.　　This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## **JURISDICTION AND VENUE**

4.　　This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 in that the claims arise under federal law.

5.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are sufficiently related to his federal claims to form part of the same case or controversy.

6.　　Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7.　　Plaintiff was employed by Defendants in this District.

## **PARTIES**

8.　　At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9.　　Plaintiff was a full-time employee of Defendants from on or around January 5, 2020 until January 15, 2022.

10.　　At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11.　　At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

12.    At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-350(2).

13.    Defendant JD Towing, LLC is a corporation authorized to do business in Arizona.

14.    Defendant JD Towing, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15.    Defendant JD Towing, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16.    Defendant JD Towing, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17.    Defendant Jorge Duenas is an Arizona resident.

18.    Defendant Jorge Duenas has directly caused events to take place giving rise to this action.

19.    Defendant Jorge Duenas is the owner of JD Towing, LLC.

20.    Defendant Jorge Duenas is a manager of JD Towing, LLC.

21.    Defendant Jorge Duenas is an employer of JD Towing, LLC.

22.    Defendant Jorge Duenas has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23.    Defendant Jorge Duenas has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(A).

24.    Defendant Jorge Duenas has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

25.    The FLSA defines "employer" as any individual who acts directly or

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

indirectly in the interest of an employer in relation to an employee.

26.    Defendant Jorge Duenas had the authority to hire employees of JD Towing, LLC.

27.    Defendant Jorge Duenas hired Plaintiff.

28.    Defendant Jorge Duenas had the authority to fire employees of JD Towing, LLC.

29.    Defendant Jorge Duenas fired Plaintiff.

30.    Defendant Jorge Duenas supervised and controlled JD Towing, LLC employees' work schedules and/or the conditions of their employment.

31.    Defendant Jorge Duenas supervised and controlled Plaintiff's work schedules and/or the conditions of Plaintiff's employment.

32.    Specifically, Defendant Duenas controlled, *inter alia*, Plaintiff's training, his working hours, and his on-call schedule, as well as assigning the work for Plaintiff to perform.

33.    Defendant Jorge Duenas determined the rate and method of JD Towing, LLC employees' payment of wages.

34.    Defendant Jorge Duenas determined the rate and method of Plaintiff's payment of wages.

35.    Specifically, Defendant Duenas determined that Plaintiff would be paid based on a commission rate of 25% of each tow completed.

36.    Defendant Jorge Duenas maintained employment records in connection with JD Towing, LLC employees' employment.

37.    Defendant Jorge Duenas maintained employment records in connection with

Plaintiff's employment.

38.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Jorge Duenas is subject to individual and personal liability under the FLSA.

39.     Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

40.      Defendants, and each of them, are sued in both their individual and corporate capacities.

41.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

42.     Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales or business of at least $500,000 in 2020.

43.     Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales or business of at least $500,000 in 2021.

44.     Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that has or will have an annual gross sales or business of at least $500,000 in 2022.

45.     At all relevant times, Plaintiff was a covered employee under the FLSA under enterprise coverage.

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

**ZOLDAN LAW GROUP, PLLC**
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

## FACTUAL ALLEGATIONS

***General Allegations***

46.     JD Towing, LLC is a towing, transportation, and roadside assistance business operating in Phoenix, Mesa, and Payson, Arizona and the surrounding areas.

47.     On or around January 5, 2020, Plaintiff commenced employment with Defendants as a tow truck driver based out of the Mesa location.

48.     Plaintiff was a non-exempt employee under the FLSA.

49.     Defendants did not operate in interstate commerce.

50.     Plaintiff was not expected to make interstate journeys in the regular course of his employment.

51.     Between January 5, 2020 and January 15, 2022, Defendants failed to properly compensate Plaintiff for all his overtime hours and regular wages.

52.     Instead, Defendants classified him as an independent contractor and paid him a commission of 25% of each tow performed.

53.     Plaintiff was improperly classified as an independent contractor and in fact was an employee of Defendants.

54.     Plaintiff's services as a tow truck driver were an integral part of Defendants' towing business.

55.     Plaintiff's work for Defendants was of an indefinite duration.

56.     Defendants supplied all facilities and equipment, including tow trucks and tools including lockout kits and battery jump starters as well as fuel and car insurance.

57.     Defendants exercised a high level of control over Plaintiff's work, including training him, setting his work hours, and assigning towing calls.

58.     Plaintiff had no opportunity for profit and loss.

59.     Plaintiff had no open market competition with others; calls came through Defendants' dispatch and assigned based on which driver was closest to the scene and/or was on call that day.

60.     Plaintiff had no independent business organization or operation; all work was performed through JD Towing, LLC.

**Phoenix Location – January 5, 2020 through November 2020**

61.     At the time of hiring, Plaintiff's primary job duties included responding to tow requests from police departments as well as transporting vehicles for Insurance Auto Auctions ("IAA").

62.     Plaintiff towed vehicles for IAA approximately nine to ten hours per day Monday through Friday beginning at 8:00 a.m.

63.     In addition to IAA tows, Plaintiff was on-call for police department tow requests ("PD calls").

64.     Plaintiff was on call 24 hours a day for one week at a time, every other week, until Defendants' second tow truck driver was terminated in approximately mid-2020, at which time he was on-call 24 hours per day, 7 days per week, 365 days per year.

65.     When he was on-call, Plaintiff was required to be on the scene within thirty minutes of receiving a dispatch call from Defendants.

66.     Plaintiff was not permitted to decline PD calls.

67.     Plaintiff lived in a motor home on premises and was required to seek Defendants' permission to leave his home during his on-call shifts.

68.     Such permission was granted on only a few occasions throughout Plaintiff's

employment.

69.     Plaintiff's personal activities were severely restricted during his on-call hours.

70.     Plaintiff's on-call hours were spent primarily for the Defendants' benefit.

71.     In his capacity as on-call tow truck driver, Plaintiff routinely worked in excess of 40 hours per week while "on call" and was not provided with the required one and one-half times pay premium as required by the FLSA for all his overtime hours.

72.     Pursuant to 29 C.F.R. § 785.17, "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call.""

73.     Plaintiff was required to work "on call" as a condition of his employment and was not paid for these hours.

74.     Plaintiff's on-call hours in Phoenix were compensable time under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

75.     Defendants did not pay Plaintiff an hourly wage.

76.     Defendants did not pay Plaintiff overtime wages for hours worked over 40 in a week.

77.     From the beginning of his employment until November 2020, Plaintiff estimates he was paid on average approximately $800-900 biweekly, or $400-450 per week.

78.     Plaintiff worked approximately 45-50 hours per week when he was not on call.

79.     Therefore, during weeks he was not on call, Plaintiff was paid an average of

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

approximately $8-10 per hour, less than Arizona's 2020 minimum wage of $12 per hour.

80.     Plaintiff worked 168 hours per week when he was on call.

81.     During weeks he was on call, Plaintiff was paid less than $3 per hour, less than Arizona's 2020 minimum wage of $12 per hour and less than federal minimum wage of $7.25 per hour.

***Payson Location – November 2020 through April 2021***

82.     In November 2020, Plaintiff moved to Payson to operate the Payson location of JD Towing, LLC.

83.     Plaintiff lived on premises and was the only driver staffing the Payson office.

84.     Plaintiff was therefore on call in Payson 24 hours per day, 7 days per week, 365 days a year.

85.     Plaintiff's primary duty at the Payson location was to respond to PD calls.

86.     In addition to PD calls, Plaintiff drove to Phoenix approximately one day per week to perform a full day of IAA towing.

87.     In Payson, Plaintiff was required to be on site within a "reasonable time" of receiving a PD call.

88.     All other aspects of his on-call time were identical to his on-call time in Phoenix as alleged above.

89.     Because Plaintiff was the only driver at the Payson location, he could not trade on-call shifts.

90.     As such, Plaintiff was unable to use his personal time effectively for his own purposes while he was on call.

91.     Plaintiff's on-call hours in Payson were compensable time under the FLSA,

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

Arizona Minimum Wage Statute, and Arizona Wage Statute.

92.     From November 2020 through the end of his employment, Plaintiff estimates he was paid on average approximately $300 biweekly, or $150 per week.

93.     Defendants did not pay Plaintiff an hourly wage.

94.     Defendants did not pay Plaintiff overtime wages for hours worked over 40 in a week.

95.     Beginning approximately January 2021, Defendants also withheld $100 from every paycheck, which Defendant Jorge Duenas indicated was a deposit for potential damages to tow trucks which would be returned at the end of the year if he had no accidents.

96.     Defendants never returned this "deposit" and in fact withheld additional amounts of Plaintiff's paychecks throughout 2021 totaling approximately $1,500 for alleged damages to the trucks.

97.     In addition, beginning November 2020 through the end of his employment, Defendants regularly paid Plaintiff up to five days late.

98.     Payday was biweekly every other Saturday; from November 2020 through the end of his employment, Defendants never paid Plaintiff by payday.

99.     With his on-call time, Defendants paid Plaintiff less than $2 per hour, less than Arizona's minimum wage of $12 per hour in 2020 and $12.15 per hour in 2021 and less than federal minimum wage of $7.25 per hour.

***U-Haul Business at Payson Location – April/May 2021 through January 15, 2022***

100.    Beginning April or May 2021, Defendants became an authorized U-Haul dealer, offering U-Haul services including trucks, trailers, and towing equipment rentals from its Payson location.

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

101.    The U-Haul business was open to the public from 8:00 a.m. until 5:00 p.m. seven days per week, for a total of 63 hours per week.

102.    Plaintiff was the only person who staffed the U-Haul office.

103.    In addition to staffing the U-Haul office, Plaintiff continued to work on-call taking PD calls for towing.

104.    Plaintiff was required to remain on premises during the U-Haul business's operating hours unless called to a PD call.

105.    Plaintiff was not paid anything for his time operating the U-Haul business.

106.    From April 2021 until January 15, 2022, Plaintiff's only pay was 25% commission on towing.

107.    Defendants did not pay Plaintiff an hourly wage.

108.    Defendants did not pay Plaintiff overtime wages for hours worked over 40 in a week.

109.    Defendants continued to pay Plaintiff an average of $300 biweekly, or $150 per week.

110.    With his on-call time, Defendants paid Plaintiff less than $2 per hour, less than Arizona's minimum wage of $12 per hour in 2020 and $12.15 per hour in 2021 and less than federal minimum wage of $7.25 per hour.

***Conclusions***

111.    Throughout Plaintiff's employment, Defendants paid Plaintiff less than Arizona and/or federal minimum wage for all hours worked.

112.    Defendants failed to compensate Plaintiff for all hours worked.

113.    Defendants failed to timely pay Plaintiff for all hours worked.

114.    Plaintiff routinely worked in excess of 40 hours per week and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

115.    At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

116.    Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours and required him to work overtime as a condition of his employment.

117.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

118.    Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

119.    Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

120.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

121.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

122.    Plaintiff was an employee entitled to the statutorily mandated minimum wage.

123.    Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

124.  As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving full compensation in accordance with 29 U.S.C.§ 206.

125.  In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

126.  Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

127.  Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

128.  Defendants knew their failure to pay minimum wage was a violation of the FLSA.

129.  Defendants have not made a good faith effort to comply with the FLSA.

130.  Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

131.  Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

132.  At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

133.  Plaintiff is an employee entitled to the statutorily mandated overtime wages.

134.  Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

135.  As a direct result of Defendants' violations of the FLSA, Plaintiff has

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

136.    In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

137.    Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

138.    Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from on or around January 5, 2020 through January 15, 2022 and failed to pay proper overtime wages.

139.    Defendants knew their failure to pay overtime wages was a violation of the FLSA.

140.    Defendants have not made a good faith effort to comply with the FLSA.

141.    Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

142.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

143.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

144.    Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

145.    In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

146.    Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)
## (AGAINST DEFENDANT JD TOWING, LLC ONLY)

147.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

148.    At all relevant times, Plaintiff has been employed by Defendant JD Towing, LLC within the meaning of the Arizona Wage Statute.

149.    Defendant JD Towing, LLC was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

150.    Defendant JD Towing, LLC was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

151.    Defendant JD Towing, LLC failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

152.    Defendant JD Towing, LLC has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendant JD Towing, LLC's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.    For the Court to declare and find that the Defendants committed the following acts:

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

i.  violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii.  willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii.  violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

iv.  willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

v.  violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vi.  willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vii.  willfully violated wage provisions of the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355, by failing to pay timely wages;

B.  For the Court to award compensatory damages, including liquidated damages and/or treble damages to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ZOLDAN LAW GROUP, PLLC**

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 7, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
5050 North 40th Street, Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff Sean McCune

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

## **<u>VERIFICATION</u>**

Plaintiff Sean McCune declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.


Sean McCune